

**Justin R. Marino**, Principal   d: (212) 939 – 7228   f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038   e: jmarino@stevensonmarino.com

November 29, 2017

<u>**VIA ECF FILING**</u>

The Honorable Carol Bagley Amon, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Derrick Anderson v. Sela Group Hotel LLC*,
             <u>Index No.: 17-cv-2133 (CBA) (ST)</u>

Dear Judge Amon:

      This office represents Defendant Sela Group Hotel LLC ("Defendant") in the above-referenced action. On November 29, 2017, Plaintiff's counsel filed a notice of dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(i), on the basis that Defendant neither answered nor submitted a summary judgment motion. *See* Notice of Dismissal (Dkt. 21, filed Nov. 29, 2017). We write to oppose Plaintiff's request on three grounds. First, Your Honor's November 9, 2017 Order requiring discovery on two limited issues and supplemental submissions on December 11 necessarily converted the motion to dismiss to one for summary judgment. Second, dismissing the case pursuant to Rule 41 runs afoul of the intent and purpose of such rule based on the significant litigation conducted to-date. Third, the Notice of Dismissal should be stricken pursuant to Rule 11(b)(1), as it was likely filed for improper purposes: (1) an attempt to frustrate the Court's Order and Defendant's investigation as to the frivolous nature of Plaintiff's claims for standing (i.e., whether a Queens resident actually sought to make a reservation at a Queens hotel), which would then entitle Defendant to attorney's fees and costs (*see* 42 U.S.C. §12205); and (2) an attempt to avoid an adverse decision, which would disrupt Plaintiff's counsel's business model in bringing website accessibility cases.[1]

**I.    Procedural History**

      Plaintiff filed a Complaint against Defendant on April 7, 2017, alleging that Defendant discriminated against him in violation of the ADA and derivative state and city laws because he was unable to independently make a reservation on Defendant's website. *See* Complaint, (Dkt. 1, filed Apr. 7, 2017). Defendant moved to dismiss the Complaint on numerous grounds, including that Plaintiff could not satisfy his *prima facie* case because the availability of an employee able to

---

[1] We note that this is not a "sanctions motion" pursuant to Rule 11(c)(2). That said, the failure of Defendant to raise the concern of a potential Rule 11 violation may forever prejudice Defendant if the Court permits Plaintiff to dismiss the Action.

assist Plaintiff in making a reservation in conjunction with a phone number on Defendant's website constituted an "auxiliary aid and service." Defendant also challenged Plaintiff's standing by questioning whether Plaintiff, a Queens resident, actually sought to make a reservation at Defendant's Queens hotel, or simply sought to contrive standing. The motion to dismiss was fully briefed and submitted on October 6, 2017, and the Court set oral argument for November 9, 2017. *See* Order (filed Oct. 20, 2017).

At oral argument, the Court questioned Plaintiff's counsel as to why making an employee available on the phone would not constitute a sufficient accommodation. Plaintiff's counsel, in response, claimed that the phone number available on Defendant's website could not be read by a screen reader. Defendant's counsel disagreed. The Court then challenged Plaintiff's counsel as to why being able to find a phone number through other means (e.g., dialing information) would not be a sufficient accommodation. Additionally, the Court questioned Plaintiff's counsel as to Plaintiff's actual efforts in making a reservation at Defendant's hotel. In response, Plaintiff's counsel could not confirm whether Plaintiff actually intended to make a reservation. At the conclusion of oral argument, the Court ordered limited discovery for the purposes of determining whether: (1) the "phone number on [Defendant's] website is accessible to screen reading technology or is otherwise available to visually impaired individuals", and (2) the legitimacy of "Plaintiff's attempts to book a hotel stay at Defendant's hotel." *See* Minute Entry (Ordered Nov. 9, 2017).

Defendant subsequently served a notice of deposition on Plaintiff. Thereafter, on November 28, Plaintiff's counsel requested Defendant agree to voluntary dismiss the lawsuit with prejudice. In response, on November 29, Defendant's counsel stated that it believed the lawsuit was a "shakedown" and brought without "good faith." *See* Exhibit 1. Accordingly, Defendant would only agree to dismiss the lawsuit if Plaintiff paid Defendant's counsel's fees, as "[Defendant] would reach the same result through Court." *See* Exhibit 1. Plaintiff's counsel refused, and instead agreed to schedule Plaintiff's deposition on December 8, 2017 at 1:00 p.m. Defendant subsequently served an updated deposition notice reflecting the agreed-upon date, time and location. Hours later, however, Plaintiff filed the Notice of Dismissal. *See* Notice of Dismissal (Dkt. 21, filed Nov. 29, 2017). At the time of filing the Notice of Dismissal, Plaintiff Anderson commenced no less than twenty-four separate lawsuits in federal court since February 24, 2017, all of which assert the same website accessibility discrimination claims.

II. **Plaintiff Cannot Unilaterally Dismiss The Action Without Court Order Or Defendant's Consent.**

Plaintiff incorrectly claims that since neither an answer nor a motion for summary judgment have been filed, he may unilaterally dismiss the action pursuant to Rule 41(a)(1)(A)(i). *See* Notice of Dismissal, p.1 (Dkt. 21, filed Nov. 29, 2017). Defendant contends that by the Court ordering additional discovery and supplemental briefing, the Court necessarily converted Defendant's motion to dismiss to one for summary judgment. If so, Rule 41(a)(1)(A)(i) is inapplicable

Additionally, even if the Court did not convert Defendant's motion to one for summary judgment, Plaintiff's application of Rule 41 would run contrary to the purpose of Rule 41 itself,

The Honorable Carol Bagley Amon
November 29, 2017
Page 3 of 4

which "is to facilitate voluntary dismissals, but to limit them to an early stage of the proceedings before issue is joined." *See Harvey Aluminum, Inc. v. Am. Cyanamid Co*., 203 F.2d 105, 107 (2d Cir. 1953) (citing 5 Morre's Fed. Practice 1005 (2d ed.). The "amount of research and preparation required of defendants was stressed by the Committee Note when Rule 41(a)(1) was amended in 1948 as a reason for adding the reference to a motion for summary judgment." *Id.* Here, Defendant engaged in significant investigation, research, and drafting in order to prepare the motion to dismiss. Defendant attend oral argument, and has now engaged in discovery, consulted with experts, arranged for the deposition of Plaintiff, and is preparing its supplementing briefing. Defendant's involvement in this litigation is well beyond what was envisioned for a voluntary dismissal pursuant to Rule 41. In fact, Defendant's engagement in this case is far more extensive than what would occur if merely an answer was filed. Indeed, Defendant's involvement is similar to the defendant's opposition to a motion for a preliminary injunction in *Harvey Aluminum.*

In *Harvey Aluminum*, the Second Circuit declined to permit a plaintiff from voluntarily dismissing a lawsuit where the "merits of the controversy were squarely raised" during a hearing before the court. *Id.* The court concluded, therefore, that "although the voluntary dismissal was attempted before any paper labeled 'answer' or 'motion for summary judgment' was filed, a literal application of Rule 41(a)(1) to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of the suit has been reached." *Id*. at 108 (citations omitted). As in *Harvey Aluminum,* the Court should decline to dismiss the case pursuant to Rule 41(a)(1)(A)(i).

### III. Plaintiff's Notice Of Dismissal Should Be Stricken Because It May Violate Rule 11(b)(1).

Pursuant to Rule 11(b)(1), every submission to the Court comes with it a certification from the submitting attorney that such paper "is not being presented for any improper purpose . . . ." *See* Rule 11(b)(1). Defendant contends Plaintiff's Notice of Dismissal may be brought in an attempt to: (1) frustrate the Court's Order and Defendant's investigation as to the frivolous nature of Plaintiff's claims for standing (i.e., whether a Queens resident actually sought to make a reservation at a Queens hotel), which would then entitle Defendant to attorney's fees and costs (*see* 42 U.S.C. §12205); and (2) an attempt to avoid an adverse decision, which would disrupt Plaintiff's business model in bringing website accessibility cases.

As an initial matter, this office has successfully recorded a screen reader audibly reading Defendant's phone number from the website. Defendant also consulted with a website accessibility professional on this issue and is preparing to submit an affidavit to this effect. Separately, Defendant is reasonably assured, both based on the vagueness in the allegations of the Complaint about trying to make a "reservation" and Plaintiff's attorney's own statements during oral argument concerning same, that a deposition of Plaintiff will reveal this entire lawsuit was brought in bad faith. If Defendant is able to establish the foregoing, Defendant can seek attorneys' fees and costs pursuant to 42 U.S.C. §12205 and, possibly, Rule 11.

The Honorable Carol Bagley Amon
November 29, 2017
Page 4 of 4

## IV.     Conclusion

      Defendant believes this lawsuit should never have been brought. Nonetheless, Plaintiff's counsel brought the lawsuit and now seeks to avoid a determination on the merits of the lawsuit, which has the potential to adversely affect his entire business model in bringing these claims. Moreover, there is a real concern that this lawsuit was brought without actual standing. The Court already determined that these issues need to be investigated, and Plaintiff should not be able to frustrate that determination. Accordingly, Defendant requests the Court: (1) conclude Rule 41(a)(1)(A)(i) inapplicable because (i) by ordering discovery and supplement submission, the Court has already converted Defendant's motion to one for summary judgment; or (ii) permitting the action to be dismissed pursuant to Rule 41 would run afoul of the purpose of such rule given the extensive litigation conducted to-date; or, in the alternative (2) dismiss the case subject to Defendant being able to take Plaintiff's deposition to explore whether sanctionable conduct has occurred. We thank the Court for its consideration of the foregoing.

                                              Respectfully Submitted,

                                              /s/ Justin R. Marino
                                                 Justin R. Marino

                                             Attorneys for Defendant

cc: Plaintiff's Counsel (via ECF only)

# EXHIBIT 1

# Justin Marino

| | |
|---|---|
| **From:** | Justin Marino <jmarino@stevensonmarino.com> |
| **Sent:** | Wednesday, November 29, 2017 10:54 AM |
| **To:** | 'Winnie Duong' |
| **Cc:** | cklee@leelitigation.com; 'Jane Wang' |
| **Subject:** | Anderson/Sela - Deposition of Plaintiff |
| **Attachments:** | Sela_Anderson - Notice of Deposition (Anderson) (mailed 11-21-17).pdf; Sela Group Hotel (Paper Factory) - Stipulation of Voluntary Dismissal.pdf |

Winnie,

Thank you for your email. I cannot execute the attached stipulation of dismissal because we believe your client never actually even tried, in good faith, to make a reservation. As a result, we believe the lawsuit was brought without good cause and, if shown, we will be entitled to recoup the attorneys' fees spent in defending this matter. As a result, we plan to take Plaintiff's deposition and make the necessary application to the Court. *See* attached notice of deposition, previously served on 11-21-17.

Additionally, my client believes the lawsuit was nothing but a shakedown and is, as a result, interested in having a substantive decision on the merits (given the extreme likelihood that this same type of lawsuit will arise in the future). That said, to the extent you are willing to pay *all* attorneys' fees and costs my client spent in defending this matter, my client is willing to consider agreeing to dismiss the case with prejudice (as my client would reach the same result through Court). Please advise if this is agreeable.

To the extent the foregoing is not agreeable, then please advise if the timing or location of the deposition is not suitable to your client. We note that we are sympathetic to your client's disability and are willing to work with your client to ensure the deposition inconveniences him the least amount as possible, provided the deposition occurs within the time period required for us to submit our supplemental briefing to the Court by 12/11/17.

Regards,

Justin

Justin R. Marino, Partner
**Stevenson Marino LLP**
*Employment Law and Commercial Litigators*
City:  75 Maiden Lane, Suite 402; New York, NY  10038
Long Island: 105 Maxess Road, Suite 124; Melville, NY 11747
(212) 939 – 7228 (o)
(212) 531 – 6129 (f)
jmarino@stevensonmarino.com

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

---

**From:** Winnie Duong [mailto:winnie@leelitigation.com]
**Sent:** Tuesday, November 28, 2017 6:04 PM

**To:** jmarino@stevensonmarino.com
**Cc:** cklee@leelitigation.com; Jane Wang <jane@leelitigation.com>
**Subject:** Anderson v. Sela Group Hotel LLC; Case No.: 17-CV-2133

Hi Justin,

Please see the attached Stipulation of Dismissal.  If it's agreeable to you, kindly sign and return to us for filing. Thank you.


Best Regards,
Winnie


Winnie Duong
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Email: winnie@leelitigation.com
Direct: (347) 571-7405
Fax: (212) 465-1181